J-A08007-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ALTHEA ITISHA ROBINSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TAJIR CHAKIB SINGLETON | : | No. 2201 EDA 2025 |

Appeal from the Order Entered July 10, 2025
In the Court of Common Pleas of Lehigh County Domestic Relations at
No(s):  DR-08-01075,
PACSES: 028110078

BEFORE:   LAZARUS, P.J., PANELLA, P.J.E., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY LAZARUS, P.J.:          **FILED MARCH 13, 2026**

Althea Itisha Robinson (Mother) appeals *pro se* from the trial court's order, entered in the Court of Common Pleas of Lehigh County, in this support matter.  After careful review, we remand with instructions.

On July 9, 2025, the trial court held a hearing on Mother's exceptions to the support hearing officer's report and recommendation; Mother and Father appeared *pro* se at the hearing.  ***See*** Pa.R.C.P. 1910.12.  On July 10, 2025, the trial court overruled Mother's exceptions and affirmed the hearing officer's report and recommendation that reduced Father's child support obligation by almost 60%, from $2,020.92 to $ 827.82.  In its order, the trial court stated, "[Mother] did not demonstrate that the Hearing Officer committed legal error or abused her discretion."  Order, 7/10/25, at 1 n.1.

_____

[*] Former Justice specially assigned to the Superior Court.

Mother filed a timely *pro se* notice of appeal.[1]  The trial court ordered Mother to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  Mother never filed a Rule 1925(b) statement; however, we decline to quash the appeal despite the trial court's suggestion that we do so.  **See** Trial Court Opinion, 9/23/25, at 1.  Here, the trial court's order directing Mother to file a Rule 1925(b) statement does not contain the requisite Pa.R.C.P. 236(b) notice to the parties on the docket.  **See** Scheduling Order, 7/31/25, at 1.  **See also** Pa.R.C.P. 236(b) ("[t]he prothonotary shall note in the docket the giving of the notice" of entry of order); **Schlag v. DOT, Bureau of Driver Licensing**, 963 A.3d 598 (Pa. Cmwlth. 2009) (where no Rule 236(b) notation on docket that licensee served with copy of Rule 1925(b) order, licensee did not waive all issues on appeal for filing untimely Rule 1925(b) statement).

Moreover, the trial court's opinion is devoid of any substantive law or legal analysis explaining its reasoning for overruling Mother's exceptions and affirming the hearing officer's recommendation.  Although the trial court acknowledges it must conduct an "independent review of the [hearing officer's] report and recommendation to determine whether they are appropriate," the court's review consists of nothing more than generic language stating that "the Support Hearing Officer's recommendations and

_____

[1] We note, with disapproval, the fact that no docketed order in the certified record on appeal indicates that Rule 236(b) notice was given to the parties. We trust, upon remand, the prothonotary will ensure that the proper Rule 236(b) notice is given, and notated on the docket, going forward.

the record developed in front of the Hearing Officer reveal that the Hearing Officer gave proper consideration to [Mother's] claims . . . [and] issues . . . in light of the limited evidence and testimony [Mother] provided, and in conjunction with the information and testimony provided by [Father]." Trial Court Opinion, 9/23/25, at 2-3. The court then summarily concludes that "[t]he findings of the Hearing Officer and record of those proceedings further reveal that the Hearing Officer gave due consideration to the issues raised [Mother's] motions for sanctions, a gag order, and to admit new evidence." *Id.*

In ***Rasmusson v. Rasmusson***, 264 A.3d 387 (Pa. Super. 2021) (Table),[2] our Court was presented with a similar situation in a child support appeal. There, our Court remanded the matter to the trial court to prepare a supplemental opinion explaining its reasoning supporting the final support order and its denial of appellant's exceptions to the hearing officer's report and recommendation. ***Id.*** at \*9-\*10. ***See id.*** (remanding for supplemental opinion where trial court did not issue comprehensive Rule 1925(a) opinion, concluded appeals were untimely, and requested this Court dismiss appeals, despite fact docket did not indicate clerk gave requisite Rule 236(b) notice).

---

[2] ***See*** Pa.R.A.P. 126(b) (non-precedential decisions filed after May 1, 2019, may be cited for persuasive value).

Plagued by the same deficiencies as the ***Rasmusson*** panel,[3] we hereby remand this case to the trial court to file, within 20 days, an amended Rule 1925(b) order that includes proper Rule 236(b) notice and which directs Mother to file a Rule 1925(b) statement. After Mother files her Rule 1925(b) statement, the trial court shall, within 45 days, issue a supplemental Rule 1925(a) opinion that thoroughly addresses all issues Mother has properly preserved for appeal. The prothonotary of this Court is directed to strike this appeal from the March 17, 2026 argument list and, upon receipt of the trial court's supplemental Rule 1925(a) opinion, issue a supplemental briefing schedule to the parties. At the conclusion of the supplemental briefing schedule, the prothonotary shall list this case on the next available argument panel sitting in Philadelphia.

Case remanded with instructions. Superior Court jurisdiction retained. Case to be removed from March 17, 2026 argument list.

---

[3] We also note, with displeasure, the fact that the certified record on appeal is woefully deficient for purposes of appellate review. The record fails to include, in part: the support complaint; any pre-existing support orders in the matter; any motions to modify; the Hearing Officer's report and recommendation; the notes of testimony from the Hearing Officer's hearing; and Mother's exceptions to the Hearing Officer's report and recommendation. While it is well-established that it is the appellant's responsibility to ensure that the certified record on appeal is complete for our review, ***see Fiore v. Oakwood Plaza Shopping Center, Inc.***, 585 A.2d 1012, 1019 (Pa. Super. 1991), it is also the clerk of court's duty to maintain a complete record for purposes of appeal. ***See*** Pa.R.A.P. 1921; Pa.R.A.P. 1931.